IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-HC-2229-FL

| | |
|---|---|
| HAKEEM AHMAD MUHAMMAD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| ERIK A. HOOKS, Secretary, N.C. Dep't ) | |
| of Public Safety, et al., ) | |
| ) | |
| Respondents.[1] ) | |

Petitioner, a state inmate proceeding pro se, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is before the court on respondent's motion for summary judgment, (DE 8), pursuant to Federal Rule Civil Procedure 56. The issues raised have been fully briefed and in this posture are ripe for decision. For the reasons stated below, the court grants respondents' motion for summary judgment and dismisses the petition

### STATEMENT OF THE CASE

On September 18, 2018, petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that his state judgment of conviction should be vacated

---

[1] Petitioner named "Department of Public Safety" as the respondent in this action. (See Pet. (DE 1) at 1). The custodian of the correctional facility in which petitioner is incarcerated is the proper respondent in an action filed pursuant to 28 U.S.C. § 2254. See Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). Counsel for respondents represents that Erik A. Hooks, the Secretary of the North Carolina Department of Public Safety and unidentified parties designated "et al." are the proper respondents in this action. (See DE 8 at 1). The court has constructively amended the case caption to reflect the correct respondents in this action and will direct the clerk to so amend the caption on the docket.

based on constitutional violations that occurred during his criminal trial. On April 5, 2019, the court conducted its initial review of the petition, and allowed the matter to proceed.

On May 7, 2019, respondents filed the instant motion for summary judgment, relying on memorandum of law, statement of material facts, and an appendix. Respondents' appendix consisted of state court records from petitioner's trial and appellate proceedings. Petitioner filed a response in opposition on August 5, 2019, relying on memorandum of law, opposing statement of material facts, and an appendix. Petitioner's appendix consisted of a certificate of unconditional discharge, newspaper article, and judgment form.

### STATEMENT OF FACTS

On December 19, 2014, a jury convicted petitioner of multiple drug related charges as an habitual felon in the Superior Court of Brunswick County, North Carolina. State v. Butler, No. COA16-1255, 2017 WL 2437007 (N.C. Ct. App. June 6, 2017), disc. review denied, 370 N.C. 218, 804 S.E.2d 539 (Sept. 28, 2017). The facts as summarized by the North Carolina Court of Appeals are as follows:

> In the spring of 2013, the Brunswick County Sherriff's Department hired Angela Ripley and Priscilla Hudson to act as undercover drug buyers in the Longwood community. Ripley and Hudson had worked together for fifteen years. During that time, they had conducted many undercover drug buys for state agencies, local sheriffs' offices, and other law enforcement agencies. Ripley and Hudson were not instructed to target anyone in particular, but were tasked to find anyone who was "selling anything illegal."
>
> Shortly after they were hired, Ripley and Hudson visited the Longwood community in Brunswick County and met Defendant. During their first encounter with Defendant, Ripley and Hudson observed that Defendant was smoking marijuana and asked where they could buy some. They exchanged phone numbers with Defendant, but did not purchase marijuana or any other drugs at that time.
>
> Between April and May of 2013, Ripley and Hudson returned to Defendant's home on six different occasions for the purpose of buying drugs. Prior to each transaction,

officers searched Ripley, Hudson, and Hudson's vehicle. The officers fitted Hudson's vehicle with a video recording device, and Hudson received either a watch or key fob to use as an additional recording device.

On 23 April 2013, Ripley and Hudson went to Defendant's home to buy drugs. Ripley and Hudson spoke with Defendant, and he weighed the marijuana on scales, which he had placed on the floor of Hudson's vehicle. Defendant and Hudson discussed the price and weight of the marijuana, which Ripley purchased. Defendant instructed Ripley to hide the marijuana. After the purchase, Ripley and Hudson returned to meet with the officers and turned over the marijuana.

The next day, Ripley and Hudson returned to Defendant's house to purchase additional marijuana. Ripley again purchased the marijuana, but left a potato chip bag in Defendant's truck. On 22 May 2013, Ripley and Hudson met Defendant for a third transaction. This time Defendant dropped what appeared to be the same potato chip bag in Hudson's vehicle. The bag contained cocaine, which Hudson paid for using money given to her by the Brunswick County Sherriff's Department. Hudson testified she handled all the purchase transactions involving cocaine.

These three transactions were recorded and the recordings were played for the jury. Ripley and Hudson testified to three additional transactions, which allegedly occurred on 24 May 2013, 28 May 2013, and 31 May 2013.

Defendant was charged in the following indictments:

1. 13 CRS 2009: one count possession with intent to sell and deliver marijuana and one count of sale and delivery of marijuana with the offense date of April 23, 2013.

2. 13 CRS 2010: one count possession with intent to sell and deliver marijuana and one count of sale and delivery of marijuana with the offense date of April 24, 2013.

3. 13 CRS 2011: one count possession with intent to sell and deliver cocaine and one count of sale and delivery of cocaine with the offense date of May 22, 2013.

4. 13 CRS 2013, one count possession with intent to sell and deliver cocaine and one count of sale and delivery of cocaine with the offense date of May 24, 2013.

5. 13 CRS 2012: one count possession with intent to sell and deliver marijuana and one count of sale and delivery of marijuana with the offense date of May 28, 2013.

6. 13 CRS 2015: one count possession with intent to sell and deliver marijuana and one count of sale and delivery of marijuana with the offense date of May 31, 2013.

Defendant was also charged in 13 CRS 2004 with having attained habitual felon status and in 13 CRS 2008 with an aggravating factor of being on pre-trial release for other crime.

> The jury found Defendant not guilty of the charges presented in 13 CRS 2012, 13 CRS 2013, and 13 CRS 2015. The jury found Defendant guilty on all counts presented in 13 CRS 2009, 13 CRS 2010, and 13 CRS 2011. The same jury found Defendant to be guilty of being a habitual felon and found the aggravating factor existed that the offense was committed while Defendant was on pre-trial release for murder.
>
> The trial court sentenced Defendant to aggravated, active prison terms on all counts. All sentences imposed were ordered to run consecutively.

Butler, 2017 WL 2437007 at *1-2.

The state trial court sentenced petitioner to a term of 35-48 years' imprisonment. (Pet. (DE 1) ¶ 3). On June 6, 2017, the North Carolina Court of Appeals entered an order finding no error. (Resp't Ex. 1 (DE 10-1)). On July 3, 2017, petitioner filed a petition for discretionary review in the North Carolina Supreme Court. (Resp't Ex. 6 (DE 10-6)). On September 28, 2017, the North Carolina Supreme Court denied petition for discretionary review. (Resp't Ex. 2 (DE 10-2)). On December 23, 2014, and September 7, 2015, petitioner filed pro se motions for appropriate relief in the Superior Court of Brunswick County. (Pet. ¶ 11; Resp't Ex. 3 (DE 10-3) 111-112).[2] The motions were improperly filed in the trial court as the case was then pending on appeal. See N.C. Gen. Stat. § 15A-1418 ("When a case is in the appellate division for review, a motion for appropriate relief . . . must be made in the appellate division.").

## DISCUSSION

A.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v.

---

[2] Unless otherwise specified, page numbers specified in citations to the record in this order refer to the page number of the document designated in the court's electronic case filing (ECF) system, and not to the page numbering, if any, specified on the face of the underlying document.

Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

The standard of review for habeas petitions brought by state inmates, where the claims have been adjudicated on the merits in state court, is set forth in 28 U.S.C. § 2254(d). That statute states that habeas relief cannot be granted in cases where a state court considered a claim on its merits unless the decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court, or the state court decision was based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d)(1) and (2). A state court decision is "contrary to" Supreme Court precedent if it either arrives at "a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to that of the Supreme Court. Williams v. Taylor, 529 U.S. 362, 406 (2000). A state court decision "involves an unreasonable application" of Supreme Court law "if the state court identifies the correct governing legal principle from [the Supreme] Court's cases but unreasonably applies it to the facts of the state prisoner's case." Id. at 407. A state court decision also may apply Supreme Court law unreasonably if it extends existing Supreme Court precedent

5

to a new context where it does not apply, or unreasonably refuses to extend existing precedent to a new context where it should apply. Id. The applicable statute

> does not require that a state court cite to federal law in order for a federal court to determine whether the state court's decision is an objectively reasonable one, nor does it require a federal habeas court to offer an independent opinion as to whether it believes, based upon its own reading of the controlling Supreme Court precedents, that the [petitioner's] constitutional rights were violated during the state court proceedings.

Bell v. Jarvis, 236 F.3d 149, 160 (4th Cir. 2000), cert. denied, 534 U.S. 830 (2001). Moreover, a determination of a factual issue made by a state court is presumed correct on federal habeas review, unless rebutted by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1).

B.   Analysis

Petitioner raises the following claims for relief in the instant petition: 1) there is a fatal variance between the allegations in the indictments and the evidence because the indictments allege petitioner sold and delivered marijuana and cocaine to both Pricilla Hudson ("Hudson") and Angela Ripley ("Ripley"), however the evidence showed Hudson never dealt with marijuana and Ripley never dealt with cocaine; 2) the trial court failed to charge the jury on the sale of a controlled substance and the lesser offense of delivery of a controlled substance separately; 3) the trial court abused its discretion when it failed to declare a mistrial when the State referred to petitioner's pending murder charge; 4) the trial court committed plain error when it allowed the prosecutor to introduce the judgment and commitment upon revocation of probation; 5) the trial court erred by denying petitioner's motion to dismiss the habitual felon charge at the close of the State's evidence; 6) the trial court improperly sentenced petitioner in the aggravated range because the State failed to (a) provide proper notice of its intent to present evidence of an aggravated factor as required by state law and (b) failed to hold a recorded charge conference before instructing the jury on the

aggravating factor; 7) the trial court abused its discretion when it considered irrelevant and improper matters in determining the severity of the sentence; 8) the cumulative trial errors rendered petitioner's trial fundamentally unfair.

1.  Fatal Variance between Indictments and Evidence

In his first claim, petitioner alleges that there was a fatal variance between the indictments and the evidence because the indictments allege petitioner sold and delivered marijuana and cocaine to both Hudson and Ripley, whereas the evidence showed Hudson never dealt with marijuana and Ripley never dealt with cocaine. Petitioner raised this claim before the North Carolina Court of Appeals, which rejected the claim reasoning as follows:

> While Ripley's and Hudson's testimonies indicated Ripley primarily handled the marijuana transactions and Hudson primarily handled the cocaine transactions, both women were present and involved in each transaction. The evidence demonstrates Ripley and Hudson arrived together in the same vehicle for each transaction, each had substantial interactions with Defendant, and Defendant believed the two women were sisters.

Butler, 2017 WL 2437007 at *5.

A fatal variance occurs "[w]hen the government, through its presentation of evidence and/or its argument . . . broadens the bases for conviction beyond those charged in the indictment." United States v. Randall, 171 F.3d 195, 203 (4th Cir. 1999). "Variances and other deficiencies in state court indictments are not ordinarily a basis of federal habeas corpus relief unless the deficiency makes the trial so egregiously unfair as to amount to a deprivation of the defendant's right to due process." Ashford v. Edwards, 780 F.2d 405, 407 (1985). To prejudice a defendant, the variance must "surprise[e] [the defendant] at trial and hinder[] the preparation of his defense, or expos[e] him to the danger of a second prosecution for the same offense." United States v. Fletcher, 74 F.3d 49, 53 (4th Cir. 1996) (internal citations omitted).

7

Here, petitioner has provided no evidence of any deficiency in the indictment making the trial so unfair as to amount to a deprivation of due process. Rather, the indictment was sufficient to give petitioner notice of the charges against him so that he could prepare a defense. Moreover, the evidence presented at trial was sufficient to show that petitioner sold and delivered marijuana and cocaine to both Hudson and Ripley. Based upon the foregoing, the state court's decision denying this claim was not contrary to or an unreasonable application of clearly established federal law.

2. Jury Instructions

In his second claim, petitioner alleges that the trial court failed to separately charge the jury on both the sale of a controlled substance and on the delivery of a controlled substance as a lesser-included offense. Petitioner raised this claim before the North Carolina Court of Appeals, which rejected the claim and held there was ample evidence to show petitioner not only sold, but also delivered controlled substances to Ripley and Hudson. See Butler, 2017 WL 2437007 at *6.

"[T]he Supreme Court has never held that due process requires lesser-included instructions in non-capital state trials." Robinson v. North Carolina Attorney General, 238 F.3d 414 (4th Cir. 2000) (unpublished table decision). To apply such a rule "would require the enunciation and retroactive application of a new rule, in violation of § 2254(d)(1) and Teague v. Lane, 489 U.S. 288 (1989)." Id. Accordingly, this claim is non-cognizable on federal habeas review and the state court's decision denying this claim was not contrary to or an unreasonable application of clearly established federal law.

3. Mistrial

In his third claim, petitioner alleges the trial court abused its discretion because it failed to declare a mistrial when the State referred to petitioner's pending murder charge. Petitioner raised this claim before the North Carolina Court of Appeals, which rejected the claim reasoning as follows:

> Defendant's pending murder charge was briefly and indirectly mentioned in a single sentence solely by Defendant during one of many hours of audio and video evidence offered to the jury in the middle of a lengthy trial. Defendant stated, "It ain't always been smooth sailing with me . . . the last year and a half, I've been going through it . . . . I had that murder situation[.]"
>
> While Defendant's statement was included in the recording played during Ripley's direct examination, neither the State nor Ripley made any mention of Defendant's statement. No other events occurred during the trial to place any further emphasis on this sole mention by Defendant.
>
> The trial court's curative instruction did not mention the nature of the pending charge, nor did it confirm the charge or place any emphasis on the charge. The trial court instructed:
>
>> Ladies and Gentlemen of the jury, any reference you may have heard to any other charges that the defendant may or may not be facing are not to be considered by you for any reason. The only issue for you for your consideration is whether the defendant is guilty or not guilty of the charges presently before you. If you all understand this instruction, please raise your hand.
>
> The transcript indicates all jurors raised their hands in response.
>
> The State and Defendant had agreed to a bifurcated trial and that the underlying felony would be heard without any mention of the fact that Defendant was on pre-trial release, so long as Defendant did not testify and open the door to his pre-trial release status. However, Defendant's attorney: (1) had access to all the audio and video evidence well in advance; (2) knew it would be played to the jury; (3) did not request the State to redact Defendant's statement; and, (4) did not object to the recording when it was played before the jury.
>
> The trial court quickly addressed the issue, instructed the jury to disregard the evidence, and polled the jury to confirm they understood the instructions.

Butler, 2017 WL 2437007 at *8.

It is well established federal law that a trial judge has broad discretion to grant or deny a motion for a mistrial. See Illinois v. Somerville, 410 U.S. 458, 462 (1973). "The decision to declare a mistrial is left to the sound discretion of the judge, but the power ought to be used with the greatest caution, under urgent circumstances, and for very plain and obvious cases." Renico v. Lett, 559 U.S. 766, 774 (2010) (internal quotations omitted). Moreover, the trial judge is in a far better position than any reviewing court to determine whether to grant a mistrial. See Baum v. Rushton, 572 F.3d 198, 217 (4th Cir. 2009). Therefore, the trial judge's decision is entitled to deference and should not be overturned on a flimsy basis. See id.

As determined by the state court's decision, the pending murder charge was briefly and indirectly mentioned in a single sentence during one of many hours of audio and video evidence. The trial judge quickly addressed the issue by giving a curative instruction to disregard the evidence then polled the jury to confirm they understood the instructions. Based upon the foregoing, the state court's decision denying this claim was not contrary to or an unreasonable application of clearly established federal law.

4. Evidence of Prior Felony Conviction

In his fourth claim, petitioner alleges the trial court committed plain error when it allowed the prosecutor to introduce the judgment and commitment upon revocation of probation to support his habitual felon conviction. Petitioner did not object to the admissibility of this evidence at trial, but he raised the claim on appeal and the North Carolina Court of Appeals considered and rejected it under a plain error standard of review. See Butler, 2017 WL 2437007 at *3.

The admission of evidence is a state law issue that is not cognizable on federal habeas review. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state court determinations on state-law questions."); Barbe v. McBride, 521 F.3d 443, 452 (4th Cir. 2008) ("[W]e do not sit to review the admissibility of evidence under state law unless erroneous evidentiary rulings were so extreme as to result in a denial of a constitutionally fair proceeding.") (internal citation omitted); Spencer v. Murray, 5 F.3d 758, 762 (4th Cir. 1993), cert. denied, 510 U.S. 1171 (1994). Accordingly, this claim is non-cognizable on federal habeas review.

Additionally, because petitioner failed to preserve this claim for his direct appeal, this court is "procedurally barred from considering this claim, unless [petitioner] can show cause and prejudice for his failure to preserve the issue by a timely objection." Daniels v. Lee, 316 F.3d 477, 487 (4th Cir. 2003); see also Hyde v. Branker, 286 F. App'x 822, 830 (4th Cir. 2008) (per curiam) (unpublished) ("[W]e have explicitly held that the North Carolina state court's review for fundamental unfairness . . . does not constitute an adjudication on the merits sufficient to preserve a claim for federal habeas review."), cert. denied, 555 U.S. 1157 (2009). Here, petitioner cannot demonstrate any prejudice by the failure to object to the admissibility of the evidence because his claim fails on the merits. See Estelle, 502 U.S. at 67; Barbe, 521 F.3d at 452; Spencer, 5 F.3d at 762.

Based upon the foregoing, petitioner's claim is non-cognizable on federal habeas review, procedurally barred, and the state court's decision denying this claim was not contrary to or an unreasonable application of clearly established federal law.

5. Habitual Felon Charge

In his fifth claim, petitioner alleges the trial court erred by denying his motion to dismiss the charge of having attained habitual felon status because there was insufficient evidence to prove he had been previously convicted of three felony offenses. Petitioner raised this claim before the North Carolina Court of Appeals, which rejected the claim reasoning as follows:

> A defendant, who has been convicted of or pled guilty to three felony offenses, may be charged as a habitual felon. N.C. Gen. Stat. § 14-7.1 (2015). "[A] felony offense is defined as an offense which is a felony under the laws of the State or other sovereign wherein a plea of guilty was entered or a conviction was returned *regardless of the sentence actually imposed.*" Id. (emphasis supplied). The statute further notes that, "[f]or the purposes of this Article, felonies committed before a person attains the age of 18 years shall not constitute more than one felony." *Id*.
> In 92 CRS 7743, Defendant pled guilty to felony assault. The assault occurred when Defendant was seventeen years old. The sentencing judge ordered: "[D]efendant shall serve as a committed youthful offender pursuant to G.S. Chapter 148, Article 3B." Defendant argues because the sentencing judge did not check the box indicating, "[D]efendant should not obtain the benefit of release pursuant to G.S. 148-49.15," the law at the time required Defendant to be unconditionally discharged. As such, he asserts this conviction does not constitute a final conviction to qualify as a felony conviction within the meaning of N.C. Gen. Stat. § 14-7.1. We disagree.
>
> The long-repealed Committed Youthful Offender Act did not convert the offender's felony conviction into something less, or other than, a felony conviction. The statute only affected the sentence a youthful offender would receive and allowed the court "an additional sentencing possibility." State v. Niccum, 293 S.E.2d 276, 280, 238 S.E.2d 141, 144 (1997). As noted in N.C. Gen. Stat. § 14-7.1, it is the conviction of or guilty plea to a felony offense that matters for purposes of being declared a habitual felon, "regardless of the sentence actually imposed." Defendant unambiguously pled guilty and was convicted of felonious assault in 92 CRS 7743.
>
> The defendant bears the burden of showing whether a conviction has been set aside, reversed or vacated. State v. Brewington, 170 N.C. App. 264, 283, 612 S.E.2d 648, 660, disc. review denied, 360 N.C. 67, 621 S.E.2d 881 (2005). Although Defendant asserts he received an unconditional discharge of his sentence based upon the judgment entered, "he did not present any evidence proving with any certainty that the conviction had been set aside." Id. at 284, 612 S.E.2d at 660.

> We hold the "Judgment and Commitment upon Revocation of Probation" was sufficient to prove Defendant's conviction in 93 CRS 9398. Defendant failed to meet his burden to show the conviction in 92 CRS 7743 was set aside. The trial court properly denied Defendant's motion to dismiss the habitual felon charge.

Butler, 2017 WL 2437007 at *5.

The standard of review for claims of insufficient evidence on habeas corpus review is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. See Wright v. West, 505 U.S. 277, 284 (1992); Jackson v. Virginia, 443 U.S. 307, 319 (1979). When considering an insufficiency-of-the-evidence claim, "federal courts must look to state law for the substantive elements of the criminal offense, but the minimum amount of evidence that the Due Process Clause requires to prove the offense is purely a matter of federal law." Coleman v. Johnson, 566 U.S. 650, 655 (2012) (citation quotation omitted). A federal court may overturn a state court decision only if that decision was "objectively unreasonable." Cavazos v. Smith, 565 U.S. 1, 3 (2011) (quoting Renico v. Lett, 559 U.S. 766, 773 (2010)).

Petitioner's challenge to the sufficiency of evidence focuses on whether his conviction in 92 CRS 7743 constituted a final conviction to qualify as a felony conviction within the meaning of N.C. Gen. Stat. § 14-7.1. See Butler, 2017 WL 2437007 at *5. As determined by the state court, evidence was admitted that petitioner was convicted of or pled guilty to three felony offenses and petitioner failed to show the conviction in one of those felony offenses was set aside. Id. As a result, the state court did not act unreasonable in denying petitioner's motion to dismiss the habitual felon charge. Based upon the foregoing, the state court's decision denying this claim was not contrary to or an unreasonable application of clearly established federal law. Likewise,

the state court's ruling was not based on an unreasonable determination of facts, in light of the evidence presented in the state-court proceeding.

      6.      Alleged Sentencing Errors regarding Proper Notice, Charge Conference, and Consideration of Irrelevant and Improper Evidence

In his sixth claim, petitioner alleges the trial court improperly sentenced petitioner in the aggravated range because (a) the State failed to provide proper notice of its intent to present evidence of an aggravated factor as required by state law and (b) failed to hold a recorded charge conference before instructing the jury on the aggravating factor. Petitioner raised these claims before the North Carolina Court of Appeals, which overruled petitioner's arguments on both claims and held the proper notice claim was without merit. See Butler, 2017 WL 2437007 at *8-9. In his seventh claim, petitioner alleges the trial court abused its discretion by considering irrelevant and improper matters in determining the severity of his sentence. Petitioner raised this claim before the North Carolina Court of Appeals, which overruled petitioner's argument and held petitioner showed no abuse of discretion and the claim was without merit. See Butler, 2017 WL 2437007 at *9.

Claims of alleged errors in state law, including claims of alleged sentencing errors, are not cognizable on federal habeas review. See Estelle, 502 U.S. at 67; Thomas v. Taylor, 170 F.3d 466, 470 (4th Cir. 1999). Moreover, "If state courts are to be given the opportunity to correct alleged violations of prisoner's federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." Duncan v. Henry, 513 U.S. 364, 365-66 (1995). If petitioner wishes to pursue a claim for a constitutional violation, "he must say so, not only in federal court, but in state court." Id.; see also Mallory v. Smith, 27 F.3d 991,

994-995 (4th Cir. 1994) ("A habeas petitioner cannot simply apprise the state court of the facts underlying a claimed constitutional violation; the petitioner must also explain how those alleged events establish a violation of his constitutional rights.") (internal citation omitted), cert. denied, 513 U.S. 1047 (1994).

Here, although petitioner contended on direct appeal that the trial court improperly sentenced him in violation of state law, he never asserted these claims rose to the level of federal constitutional violation. See Resp't. Ex. 4 (DE 10-4) 38-44 (brief of petitioner on direct appeal). Thus, petitioner's claims are procedurally barred. See Thomas, 170 F.3d at 470; Duncan, 513 U.S. at 365-66; Mallory, 27 F.3d at 994-995.

Based upon the foregoing, petitioner's sixth and seventh claims are non-cognizable on federal habeas review, procedurally barred, and the state court's decision denying these claims was not contrary to or an unreasonable application of clearly established federal law.

7. Cumulative Trial Errors

Finally, petitioner's eighth claim alleges the cumulative trial errors rendered his trial fundamentally unfair. To the extent petitioner seeks review of any alleged errors of the trial court cumulatively rather than individually, the court denies this claim. See Arnold v. Evatt, 113 F.3d 1352, 1364 (4th Cir. 1997) ("Finally, [petitioner] argues that the cumulative effect of the trial court's alleged errors in its instructions rendered [petitioner's] sentence of death unreliable in violation of the Sixth, Eighth and Fourteenth Amendments. Based on the findings of this court concerning the individual claims of error, we reject this claim."); Fisher v. Angelone, 163 F.3d 835, 852-853 (4th Cir. 1998).

C. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondents are entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in the instant habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose, 252 F.3d at 684 (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, the court denies a certificate of appealability.

**CONCLUSION**

Based on the foregoing, the court GRANTS respondents' motion for summary judgment, (DE 8), and DISMISSES the petition. A certificate of appealability is DENIED. The clerk is DIRECTED to close this case, and to amend the caption as set forth in footnote one.

SO ORDERED, this the 31st day of March, 2020.

LOUISE W. FLANAGAN
United States District Judge